# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| MICHAEL D. MARLIN | : | DOCKET NO. 2:05-cv-1947 |
| --- | --- | --- |
| | | Section P |
| VS. | : | JUDGE MINALDI |
| JOEL ALEXANDRE, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a motion for immediate medical attention [doc. 7] filed by *pro se* plaintiff, Michael D. Marlin, in which he complains that the prison officials at the Federal Correctional Institution in Oakdale, Louisiana (FCI-Oakdale) are denying him medical treatment for a serious ear infection. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

In light of the plaintiff's allegations, the court ordered the Warden at FCI-Oakdale to show cause why an injunction should not issue in this case directing the prison officials to schedule an immediate appointment for plaintiff with an ENT.

The Warden has filed a response which indicates that since the plaintiff's arrival at FCI-Oakdale on September 20, 2005, he has received continuing medical care for his various medical conditions, including his inner ear disorder (Meniere's disease)[1]. In support of this statement, the Warden has submitted the plaintiff's medical records and a declaration from Dr. Joel Alexandre

---

[1] Meniere's disease is a medical condition of the inner ear of an unknown cause. This disease is characterized by four symptoms: 1) periodic episodes of dizziness or vertigo; 2) fluctuating, progressive low-frequency hearing loss; 3) ringing in the ear; and 4) a sensation of "fullness" or pressure in the ear. These symptoms are unpredictable, and there is no known cure for Meniere's disease.

which document, *inter alia*, that the plaintiff has been prescribed medication for the symptoms related to his inner ear disorder, has been referred for a hearing test, and is presently scheduled for an appointment with an otolaryngologist (ENT) for a consultative examination. *See* Government Exhibit 1, ¶ 2.

Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement including adequate medical care. A lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment only if the evidence shows that the prison officials were "deliberately indifferent to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Farmer v. Brennan*, 114 S.Ct. 1970 (1994). Deliberate indifference to serious medical needs may be manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle v. Gamble*, 97 S.Ct. at 291-92. Inmate medical records may rebut the inmate's allegations of deliberate indifference, as the existence of continuous medical care normally precludes a finding of deliberate indifference on the part of prison officials. *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). Further, prisoners are not constitutionally entitled to the "best medical care money can buy." *see Mayweather, supra; Woodall v. Foti*, 648 f.2d 268 (5th Cir. 1981).

The summary judgment evidence submitted by the Warden establishes that the plaintiff has not been denied medical treatment for his inner ear disorder. The plaintiff's desire for different treatment or treatment from a specialist is not sufficient to state a constitutional violation under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997). In the absence of a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a

prison. See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding if and when the plaintiff should be seen by an outside physician is best left to the prison officials.

Accordingly,

IT IS RECOMMENDED that the plaintiff's motion for immediate medical treatment be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of January, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE