UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MICHAEL D. MARLIN | : | DOCKET NO. 2:05-cv-1947<br>Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| DR. JOEL D. ALEXANDRE, ET AL. | : | MAGISTRATE JUDGE WILSON |

**O R D E R**

Currently before the court is a motion entitled "Motion for this Honorable Court to Order Defendants to Abide by Outside E.N.T.'s Evaluation and Recommendations" [doc. 24] filed by *pro se* plaintiff, Michael D. Marlin. By this motion, the plaintiff seeks to have this court order the defendants to follow the recommendations of the ENT concerning treatment for his inner ear infection.

There is nothing in the plaintiff's motion which indicates that the defendants will not follow the course of treatment recommended by the ENT who examined in plaintiff on February 23, 2006. In fact, in response to the plaintiff's motion, the defendants have indicted that a C-T scan without contrast requested by the ENT will be scheduled in due course. *See* Doc. 25, p.2. Nevertheless, the plaintiff is not constitutionally entitled to a particular course of medical treatment or to treatment by a particular physician.

While prisoners are entitled to adequate medical care, they are not entitled to the "best medical care money can buy." *see Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). A lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment only if the evidence shows that the prison officials were "deliberately indifferent to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Farmer v. Brennan*, 114 S.Ct. 1970

(1994). The existence of continuous medical care normally precludes a finding of deliberate indifference on the part of prison officials. *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995); *Mayweather, supra.* Furthermore, a prisoner's disagreement with the course of treatment offered and/or unsuccessful treatment do not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

The evidence in the record indicates that the plaintiff has been receiving on-going medical care for his ear infection. Therefore, the is no basis for finding that the defendants have acted with deliberate indifference to his serious medical need. In the absence of a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding the course of treatment that will be followed in treating the plaintiff's condition is best left to the prison officials.

Accordingly,

IT IS ORDERED that the motion be DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of March, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE