# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL D. MARLIN** | **CIVIL ACTION NO. 05-1947-LC** |
| **VS.** | **SECTION P** |
| **JOEL D. ALEXANDRE, ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* by plaintiff on November 3, 2005. Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institute in Beaumont, Texas. However, plaintiff complains of incidents that occurred while he was incarcerated at the Federal Correctional Institute–Oakdale (FCIO) in Oakdale, Louisiana. Plaintiff names the following as defendants herein: FCIO Dr. Joel Alexandre, FCIO health services administrator Scarlet Lusk[2], and FCIO personnel Miss Fontenot[3].

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's claims herein center around allegations that his constitutional rights were

---

[1] Because it alleges civil rights violations by federal defendants, the action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] Plaintiff added Ms. Lusk as a defendant via an amended complaint [Doc. #9] filed on January 3, 2006.

[3] Plaintiff added Miss Fontenot as a defendant via an amended complaint [Doc. #34] filed on May 17, 2006.

violated because he was denied proper medical care. In his original complaint, plaintiff, who arrived at FCIO on September 16, 2005, stated that Dr. Alexandre refused his pleas to be examined by an otolaryngologist for an inner ear disorder (Meniere's disease), as well as his requests to be seen by an orthopedic specialist for problems with his neck, back, left hip, knee and ankle. Plaintiff also claimed that defendant Alexandre refused to classify him as medically unable to work, despite the fact that he was disabled, had been on social security for 5 ½ years prior to his incarceration, and had been confined to a wheelchair since an accident (which occurred at another federal institution) on April 10, 2005. Plaintiff also advanced claims against defendant Alexandre arising under the Americans With Disabilities Act (ADA)[4]. Specifically, he stated that defendant Alexandre's actions in refusing to classify him as medically unable to work despite his disability violated the ADA.

In regard to his claims against defendant Lusk, plaintiff claimed that as administrator of FCIO's health services, Lusk was responsible for the actions of all medical staff employees. Plaintiff alleged that defendant Lusk was aware of that he was placed in segregated housing (which was very cold and aggravated his ear and sinus infections) for fourteen days with no handicapped toilet, no shower with a grab bar, and no call button for emergencies. He claimed that his placement in segregation under the above conditions were violations of the ADA, and that defendant Lusk violated his constitutional rights by not remedying the violations.

As a result of the above, plaintiff requested compensatory, punitive and nominal damages against the defendants, as well as attorney's fees and court costs.

---

[4] 42 U.S.C. § 12101 *et seq.*

Despite the information contained in plaintiff's complaints[5], they nevertheless lacked specific information to support his allegations that his constitutional rights had been violated by the individuals named as defendants. Thus, this court issued a memorandum order [Doc. #27], directing plaintiff to amend his complaint and cure the deficiencies. Among other things, plaintiff was advised that to the extent that he alleged delayed or inadequate medical care, his complaint failed to set forth a cause of action. Plaintiff was also informed that he could not maintain his ADA claims herein as the ADA was not applicable to the federal government. Further, he was instructed to provide the court with documentary proof that he exhausted his administrative remedies with regard to the claims asserted in this matter.

On March 10, 2006, plaintiff submitted a response [Doc. # 30] to the amend order. On May 19, 2006, the court ordered [Doc. #37] that plaintiff's motions to amend complaint [Doc. #34] and to show deliberate indifference [Doc. #36] be docketed as amended complaints. Plaintiff's amendment added claims against defendant Fontenot, namely that upon plaintiff's arrival at FCIO, Fontenot confiscated his crutches and two of four knee braces. He stated that on several occasions he requested return of the items but to no avail. Plaintiff also stated that in October 2005, he filed a grievance on his claims against defendant Fontenot but that the BOP delayed the action past the 180 day time limit. [Doc. #38-1, p.2].

In regard to the court's amend order concerning exhaustion of plaintiff's claims against the other defendants, plaintiff stated that "in both remedies every stage is answered except for the very last and then Central, seeing petitioner has a valid claim, decided to reject it for some

---

[5] In support of his claims, plaintiff provided a hand-written chronology of his rather lengthy medical history predating his transfer to FCIO.

capricious reason." [Doc. #29, p.1]. Plaintiff also attached a number of grievance forms to his various amendments. As to plaintiff's medical care claims against the defendants, his amended complaints did express his allegations in a somewhat more comprehensible manner but they did not add any significant substantive information.

## **LAW AND ANALYSIS**

### **Failure to Exhaust Administrative Remedies**

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes the exhaustion requirement mandatory in prison conditions cases. Section 1997e(a) provides,

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This is a prison condition case, exactly the type of case which can best be resolved by the prison officials without resort to judicial action. In the present case, it must be noted that with respect to plaintiff's claims, the documentary evidence (or lack thereof) demonstrate that he did not properly exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. §1997e(a). Under current law, plaintiff must exhaust the administrative remedy procedure before proceeding herein. The statute provides for no exceptions.[6] The statute precludes any further action on these claims until plaintiff has fully and properly exhausted the administrative remedy procedure. *See Woodford v. Ngo*, — S.Ct. — , 2006 WL 1698937; see also *Wendell v. Asher*,

---

[6] see also *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002), "... we hold that the PLRA's exhaustion requirement <u>applies to all inmate suits about prison life</u>, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. (citation omitted)"

162 F.3d 887, 890-91 (5th Cir. 1998)(§1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a §1983 suit, rather than while the action is pending....[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)(dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation...and [b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled – that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo,* 2006 WL 1698937, *5 (U.S.,2006). A plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance (s) was ignored. See *Wright v. Hollingworth*, 260 F.3d 357, 358 (5th Cir. 2001) (holding that merely filing a grievance without further action does not demonstrate exhaustion of administrative remedies as contemplated by the PLRA). Additionally, the Supreme Court has made it clear that even futility is not a basis for a court to excuse a plaintiff's failure to exhaust. See *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); accord *Porter*, 534 U.S. 516, 524, 122 S.Ct. 983, 988, 152 L.Ed.2d 12, ("<u>All</u> 'available' remedies must now be exhausted; those remedies need not meet

federal standards, nor must they be 'plain, speedy, and effective.'" (citation omitted)(emphasis supplied).

As to all claims advanced by plaintiff in his complaint, he had available to him the multi-step procedure set forth in the Bureau of Prison's Administrative Remedy Program. See 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement ... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's ARP, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. See 28 C.F.R. § 542.13(a). BOP Regulations further provide that if the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.15(a). Further, the regulations provide that in the event the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP. See 28 C.F.R. § 542.15(a). Finally, the regulations provide that a negative decision from the Regional Director may in turn be appealed to the General Counsel's Office within thirty days of the date of the Regional Director's decision.

Despite the amend order instructing plaintiff to provide some type of proof that he proceeded through the remedy process on his claims herein, he nevertheless failed to do so. In fact, the documents presented by plaintiff that pre-date the filing of this suit relate to his claims that arose while he was incarcerated at FCI-Forrest City. The grievances provided by plaintiff relative to the claims asserted in the current matter were filed after the date that this suit was

6

filed. Simply put, plaintiff has not shown that he complied with the exhaustion mandate in regard to the administrative remedy procedure. Under current law, he must do so before proceeding herein.

Regardless, even if plaintiff had exhausted his claims as to defendants Alexandre and Lusk, the court would still find that plaintiff's claims against these defendants should be dismissed.

**Frivolity Review**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[7] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss as frivolous a prisoner suit on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97

---

[7] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

(5th Cir.1994). A complaint may not be dismissed under §1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

As previously discussed, plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state a viable claim. His amended complaints nevertheless failed to cure the noted deficiencies.

**Inadequate Medical Care**

Plaintiff's claims of delayed, denied, or inadequate medical care are without merit. Medical care claims asserted by prisoners are analyzed under the Eighth Amendment. In order to succeed on a medical care claim such as plaintiff's herein, he must establish the defendants, in each instance, were "deliberately indifferent" to his serious medical condition. It is only this deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Gregg v. Georgia*, 96 S.Ct. 2909 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical

necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* A plaintiff's disagreement with the course of treatment offered by the medical staff and/or unsuccessful treatment do not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). In addition, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

Furthermore, the existence of continuous medical care normally precludes a finding of deliberate indifference on the part of prison officials. *Banuelos v. McFarland*, 41 F.3d 232, 235(5th Cir. 1995); *Mayweather, supra.* The evidence[8] herein, shows that plaintiff received on-going medical treatment. Plaintiff's allegations, at most, state a disagreement amongst himself

---

[8] Plaintiff provides a hand-written chronology of his rather lengthy medical history predating his transfer to FCIO. Plaintiff's medical records from FCIO (through 12/28/05) are also included in the record of this matter. [Doc. #16-3]. Additionally, a chronology of plaintiff's medical history [Doc. #16-2] prepared by Dr. Alexandre is included in the record as an attachment to a response [Doc. #16-2] to an Order to Show Cause [Doc. #8] issued by this court concerning plaintiff's allegations that he was not receiving medical care for his inner ear problems.

9

and the medical care providers regarding the procedures to treat his medical problems. As such, there is no basis for finding that the defendants have acted with deliberate indifference to plaintiff's serious medical needs. Plaintiff's claims do not establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding plaintiff's treatment is best left to the prison officials. Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**Americans With Disabilities Act Claims**

This court's memorandum order [Doc. #27] informed plaintiff that his claims brought pursuant to the Americans With Disabilities Act (ADA)[9] could not be maintained. More specifically, Title II of the ADA prohibits discrimination against the disabled by a public entity. However, because the definition of "public entity" does not include the federal government, the plaintiff cannot state a claim against the Bureau of Prisons or its employees under the ADA. *See* 42 U.S.C.A. § 12131(1)(A)-(C)(West Supp.2005); *Arawole v. Hemingway,* 2005 WL 1630013, *2 (N.D.Tex. 2005); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir.1999). Plaintiff's claims in this regard should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights claims against defendants Alexandre and Lusk be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §

---

[9] 42 U.S.C. § 12101 *et seq.*

1915(e)(2)(B)(i) and (ii).

**IT IS ALSO RECOMMENDED** that plaintiff's civil rights claims against defendant Fontenot be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies as mandated by the provisions of 42 U.S.C. §1997e.

**IT IS FINALLY RECOMMENDED** that plaintiff's claims arising under the Americans With Disabilities Act be dismissed as the ADA is not applicable to the federal government.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, June 23, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE